Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8231 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Newman vs. ASI Computer Systems, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motions (Docs 4-1 & 13-1) for summary judgment are granted in their entirety.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **JAN 17 2002** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 27 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
JAN 17 2002

| | |
|---|---|
| ANNA NEWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>ASI COMPUTER SYSTEMS INC.,<br>SANTA CLAUS INDUSTRIES, INC.,<br>JACKIE FEIST and ROBERTA FEIST aka<br>BOBBI FEIST,<br><br>Defendants. | 01 C 8231 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the Defendants' motions for summary judgment. For the reasons set forth below, the motions are granted.

### BACKGROUND

Defendant Jackie Feist ("Jackie") is employed by Defendant ASI Computer Systems, Inc. ("ASI"). On July 23, 1999, in the scope of his employment with ASI, Jackie was driving a car he co-owned with his wife, Defendant Bobbi Feist ("Bobbi") in Rawlins Township, Illinois. His car crossed the center line of the highway and

collided with another in which Plaintiff Anna Newman ("Newman") was a passenger. As a result of the accident, Newman sustained injuries.

Newman signed a release on November 13, 2000, that discharged Jackie from any liability for the accident.[1] In exchange, she received a check for $20,000, the limit of liability under Jackie's insurance policy. Despite this release, Newman filed suit in Cook County in July 2001. The complaint alleged that Jackie was liable in negligence for Newman's injuries and that Bobbi, ASI, and ASI's parent, Santa Claus Industries, Inc. ("SCI") were vicariously liable through their relationships with Jackie. In October,

---

[1] The release reads:

KNOW YE, that ANNA NEWMAN, the grantor, for and in consideration of the sum of TWENTY THOUSAND DOLLARS ($20,000), lawful money of the United States of America to grantor in hand paid by JACK FEIST, the grantee, the receipt whereof is hereby acknowledged, and the grantor has remised, released and forever discharged and by these presents does for the grantor, grantor's successors and assigns, heirs, executors and administrators, remise, release and for discharge the said grantee, grantee's successors and assigns, heirs, executors and administrators, of and from all, and all manner of covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against the said grantee the grantor ever had, now has or which the grantor, grantor's assigns and successors, heirs, executors and administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

And in particular for an incident which occurred on July 23, 1999.

the Feists removed the action to our court. The Defendants now collectively move for summary judgment, relying on the November 2000 release.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

Initially we note that Newman agrees that SCI does not have any agency relationship with Jackie upon which vicarious liability could be predicated. SCI is therefore entitled to summary judgment of nonliability, which we accordingly grant.

The remaining defendants base their motions on the November 2000 release. Newman does not contend that the release does not exist, nor does she contest that she signed it. Rather, she advances various letters and other documents to support her contention that the actual agreement was something other than what the terms of the release state. She also challenges the release's validity on the grounds that the parties were operating under a mutual mistake of fact as to its legal effect when it was executed.

It is well settled that a release whose terms are clear and explicit will be enforced as written, without resort to extrinsic evidence. See, e.g., Loberg v. Hallwood Realty Partners, 323 Ill.App.3d 936, 941 (1st Dist. 2001). The terms of the release that Newman signed clearly and explicitly release Jackie Feist from any liability he may have had toward her stemming from any interaction, not just the accident in July 1999. The agreement, as written, is susceptible to only one interpretation. We must therefore enforce it literally and will not look to outside matters to ascertain the intent of the parties. Simmons v. Blauw, 263 Ill.App.3d 829, 832 (1st Dist. 1994).

Even an explicit release can be invalidated if the parties acted under a mutual mistake of fact at the time of the agreement. Id. In the personal injury context, mutual mistakes of fact commonly arise with regard to the extent of injuries known when a release is executed. See, e.g., Id. at 832-33; Wieneke v. Weitekamp, 229 Ill.App.3d 520, 522-23 (5th Dist. 1992); Schultheis v. McWilliams Elec. Co., Inc., 219 Ill.App.3d 571, 577-78 (1st Dist. 1991). Releases providing an amount that is woefully inadequate when the full extent of a plaintiff's injuries manifest are considered unconscionable, and courts will set them aside on the grounds that both parties shared a mistake of fact material to the agreement. Wieneke, 229 Ill.App.3d at 523. However, with this scenario or any other in which a party seeks to void an agreement for mutual mistake of fact, both parties must hold the mistaken belief as to the fact in question. Rakowski v. Lucente, 104 Ill.2d 317, 324 (1984). The party asserting the mistake bears the burden of showing that it was indeed mutual. Grun v. Pneumo Abex Corp., 163 F.3d 411, 421 (7th Cir. 1998). If the showing is insufficient, the agreement will stand, because "[a] unilateral or self-induced mistake is not a valid ground for setting aside a clear and unambiguous release." Rakowski, 104 Ill.2d at 324. In the instant case, Newman does not clearly and convincingly show that the Feists and ASI shared her mistaken belief as to the legal effect of the release. At best, then, her mistake was unilateral and does not impact the validity of the release that she signed. As he is the

subject of a validly executed release, Jackie Feist is therefore entitled to summary judgment that he has no further liability to Newman.

Newman's claims against Bobbi and ASI rest solely on her allegations that they were principals of Jackie at the time of the accident and that they are consequently vicariously liable for his actions that day. If, as in this case, a principal's liability derives only from the acts of its agent, and not from independent torts against the plaintiff, a release of the agent extinguishes any liability of the blameless principal. American Nat'l Bank and Trust Co. v. Columbus-Cuneo-Cabrini Med. Center, 154 Ill.2d 347, 354, 355 (1992). Newman argues that the parties never intended that the settlement would apply to ASI, SCI, or Bobbi and that her release of Jackie cannot be extended to them. We need not address these arguments, however, because the rule stated in American National Bank holds true even when the plaintiff's settlement agreement with the agent expressly reserves the right to seek recovery from the principal. Gilbert v. Sycamore Mun. Hosp., 156 Ill.2d 511, 528 (1993). If an express reservation of rights will not preserve a plaintiff's cause of action against a principal, we fail to see how a hidden intention advanced by only one of the parties would do so. In addition, we are not convinced that Newman has demonstrated that Jackie was an agent of Bobbi at the time of the accident, but that point loses its relevance in light of the foregoing rules. Even if Jackie were acting as Bobbi's agent, any derivative

liability she would have was eradicated when Newman reached her settlement with Jackie. Newman's settlement therefore also releases ASI and Bobbi Feist from any vicarious liability they may have had, and we accordingly grant them summary judgment to that effect.

## CONCLUSION

For the foregoing reasons, the Defendants' motions for summary judgment are granted in their entirety.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: JAN 16 2002